```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

DAVID J. LINDSAY,

                    Plaintiff,

vs.                                  Case No.   2:04-cv-460-FtM-29DNF

SHERIFF DON HUNTER, CAPTAIN CHRIS
FREEMAN, COMMANDER JOE BASTYS,
SERGEANT BARBARA ANN HANSEN and DAWN
CULLEN #2458,

                    Defendants.
_____/
```

**ORDER**

This matter comes before the Court upon Plaintiff's Motion for Order to Provide Medical Treatment/Writ of Mandamus (Doc. #43) filed June 22, 2004. Plaintiff, a pretrial detainee[1], currently confined at the Naples County Jail seeks an order from this Court to compel Defendants to arrange for outside medical care for Plaintiff's various medical ailments. The Court ordered Defendants to respond to Plaintiff's Motion (Doc. #47) and subsequently granted Defendants an extension of time (Doc. #56). On August 8, 2005, Defendants filed a Response to Plaintiff's Motion (Doc. #58) attaching various Exhibits.

Plaintiff, in his Motion alleges a medical condition that requires him to receive prescribed heart medication. Additionally, Plaintiff avers that in August 2001, Plaintiff underwent surgery for malignant cancer.  Plaintiff admits that he has "seen" by

---

[1] Plaintiff claims he has been held as a detainee for "the past 22 months."

medical personnel while in custody, but contends that "treatment" has not been "completed" or that "prior treatment has been abruptly stopped."   He seeks the following medical treatment: 1) periodontist appointment for progressive gum condition diagnosed over eighteen months earlier; 2) eye appointment; and 3) appointments with Plaintiff's private physicians for treatment of severe pain, peripheral neuropathy, and dizziness and shortness of breath. Plaintiff attaches to his Motion thirteen pages of exhibits demonstrating his requests for the outside medical appointments and medication and his grievances concerning the denial of his requests. Motion, Exhibits 1 and 2. Plaintiff alleges that Defendants failure to provide the requested medical treatments constitutes deliberate indifference to Plaintiff's serious medical needs.

Defendants contest Plaintiff's assertions.  To the contrary, they allege that Plaintiff's medical needs were adequately addressed by jail medical personnel, as well as by outside health care providers.  Defendants attach as an Exhibits to their Response over 390 pages of documents detailing Plaintiff's medical care and treatment, as well as responding to Plaintiff's various grievances regarding his care.  Response, Exhibits A and B.

With respect to Plaintiff's Motion, under 28 U.S.C. §1361, the Court has jurisdiction in mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." <u>Cash v. Barnhart</u>, No. 02-14177, (11th

Cir. Feb. 7, 2003). The Collier County Sheriff and Naples Jail Correctional Officers are not "officer[s] or employee[s] of the United States or any agency thereof." Furthermore, a writ of mandamus[2] is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). The plaintiff has the burden of showing that he has no other avenue of relief and that his right is clear and indisputable. In re Lopez-Lukis, 113 F.3d 1187, 1188 (11th Cir. 1997); In re American Airlines, Inc., 972 F.2d 605, 608 (11th Cir. 1992). Thus, Plaintiff cannot obtain the relief he seeks by way of a writ of mandamus.

Alternatively, the Court will construe Plaintiff's Motion as seeking injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. As noted by the Eleventh Circuit, the issuance of a "preliminary injunction is an extraordinary and drastic remedy that should be not be granted unless the movant clearly carries the burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001), rehearing and rehearing en banc denied, 275 F.3d 58; see also Four Seasons Hotels & Resorts, B.V. v. Consoricio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). The four factors Plaintiff must

---

[2]Writs of mandamus in the district court have in fact been abolished. Fed. R. Civ. P. 81(b).

establish are: (I) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury if the injunction is not granted; (iii) the injury outweighs the opposing parties' potential injury if relief is not granted; and (iv) the injunction would not do disservice to the public interest. Four Seasons Hotels & Resorts 320 F.3d at 1210; Suntrust Bank 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); See also Local Rule 4.05(b)(4).

After a careful review of the voluminous materials submitted by the parties, the Court finds that Plaintiff has failed to meet his burden[3]. Plaintiff has not shown facts sufficient to suggest a serious deprivation of a serious medical need constituting a violation of the Eighth or Fourteenth Amendments at this stage. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). Consequently, the Court does not find that Plaintiff has demonstrated a substantial likelihood of prevailing on the merits,

---

[3]The Court finds particularly persuasive the Memo prepared by Vicki Freeman, H.S.A. and Calixto Calderon, M,D. detailing Plaintiff's medical care and appointments with outside medical professionals. In particular, Plaintiff does not have a history of treatment with "heart medication" but rather "reported high blood pressure" and receives "daily blood pressure checks." Response, Exhibit B, page 2. Plaintiff was seen by outside specialists and underwent various testing with respect to his alleged "malignant carcinoma" on the following dates: 4/16/04, 4/30/04, 5/12/04, 6/29/04, 7/7/04, 9/1/04, 10/26/04, 4/22/05. A Report by the specialist on 4/22/05 reported "no abnormality or need for follow-up." Id. Page 2. Plaintiff was seen by an outside doctor for pain management on 12/04 and 2/1/05, and attended physical therapy on 3/11/05, 3/20/05, 3/24/05, 3/30/05 and 3/31/05. Plaintiff most recently saw an outside doctor again on 7/20/05 who prescribed "Elavil and Tylenol for pain." Id. Plaintiff was seen by an outside Periodontist on 7/14/05 and outside Ophthalmologist on 2/21/05. Id.

at this stage, or a threat of an immediate and irreparable injury or loss.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Order to Provide Medical Treatment/Writ of Mandamus (Doc. #43) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __9th__ day of August, 2005.

JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record