```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

DAVID J. LINDSAY,

              Plaintiff,

vs.                              Case No.  2:04-cv-460-FtM-29DNF

SHERIFF DON HUNTER, CAPTAIN CHRIS FREEMAN, COMMANDER JOE BASTYS, SERGEANT BARBARA ANN HANSEN and DAWN CULLEN #2458,

              Defendants.
_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Temporary Injunction (Doc. #212), filed May 18, 2007. Defendants filed a Response on June 1, 2007.

Plaintiff files the instant motion and exhibits[1] contending that the Collier County Jail's medical department continues to provide him with improper medical treatment. Plaintiff argues that an emergency injunction is necessary to maintain the status quo by providing past-due prescribed treatment. In pertinent part, Plaintiff requests that the injunction require Defendants to: (1)

---

[1] The approximate fifty pages of exhibits Plaintiff attaches to the motion *sub judice* consist of grievances ranging from 2005 to 2007, his medical records, excerpts of Florida statutes, and notes from physicians, who are not affiliated with the jail, concerning Plaintiff's condition and treatment.

schedule an immediate meeting with Plaintiff to resolve past-due medical problems; (2) promptly schedule nuclear stress test for heart diagnostics; (3) schedule follow-up visits for treatment and medication with a periodontist, an outside dentist, a visit to Naples Community Hospital for an MRI, an appointment for contact lenses; and (4) refrain from housing Plaintiff in isolation prior to his outside medical visits.  (Doc. #212 at 6-8.)

In response, Defendants contend that Plaintiff fails to make the requisite showing for injunctions.  Defendants argue that the instant motion contains nearly identical grounds to what forms the basis of one aspect of Plaintiff's Complaint to which Defendants have filed a Motion for Summary Judgment.  Defendants contend that Plaintiff files the motion *subjudice* in attempt to "speed up" the Court's ruling on the ripe Motion for Summary Judgment. (Doc. #215 at 3.)

As noted by the Eleventh Circuit, the issuance of a "preliminary injunction is an extraordinary and drastic remedy that should be not be granted unless the movant clearly carries the burden of persuasion on each of [four] prerequisites."  <u>Suntrust Bank v. Houghton Mifflin Co.</u>, 252 F.3d 1165, 1166 (11th Cir. 2001); <u>Four Seasons Hotels & Resorts, B.V. v. Consoricio Barr, S.A.</u>, 320 F.3d 1205, 1210 (11th Cir. 2003).  The four factors Plaintiff must establish are: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury if the injunction is not granted;

(iii) the injury outweighs the opposing parties' potential injury if relief is not granted; and (iv) the injunction would not do disservice to the public interest. <u>Four Seasons Hotels & Resorts</u> 320 F.3d at 1210; <u>Suntrust Bank</u> 252 F.3d at 1166; <u>American Red Cross v. Palm Beach Blood Bank, Inc.</u>, 143 F.3d 1407, 1410 (11th Cir. 1998); <u>see also</u> Fed. R. Civ. P. 65(b), Local Rule 4.05.

The Court agrees with the Defendants and finds that Plaintiff has not satisfied the above four factors. In particular, Plaintiff has not demonstrated the likelihood that he will prevail on the merits of the claim or a threat of immediate and irreparable injury or loss. Plaintiff filed his civil rights Complaint concerning *inter alia* his improper medical treatment in 2004. Throughout the course of this litigation, Plaintiff has filed previous emergency motions requesting similar types of relief from the Court. <u>See</u> Docs. #43, #79, #204. The Court previously denied Plaintiff's motions. Doc. #59. Upon review of Plaintiff's exhibits, it appears that Plaintiff has been receiving medical treatment as illustrated by his visits with several medical professionals, including outside specialists. The Defendants' Motion for Summary Judgment is currently ripe for review. Plaintiff's motion *sub judice* does not establish such exceptional circumstances to justify an injunction.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Temporary Injunction (Doc. #212) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __4th__ day of June, 2007.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record